**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ASHLEY DIAMOND, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY WARD, et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:20-CV-4764-LMM-CMS |

## **ORDER**

Plaintiff, Ashley Diamond, confined in Coastal State Prison in Garden City, Georgia, has submitted a counseled civil rights complaint. [Doc. 1]. Plaintiff brings the action against (1) the following Georgia Department of Corrections (GDOC) Defendants: Timothy Ward, GDOC Commissioner; Sharon Lewis, GDOC Statewide Medical Director; Javel Jackson, GDOC Director of Mental Health; Ahmed Holt, GDOC Assistant Commissioner of Facilities Division; Robert Toole, GDOC Director of Field Operations; Jack Sauls, GDOC Assistant Commissioner of Health Services; and Grace Atchison, GDOC Statewide Prison Rape Elimination Act (PREA) Coordinator; and (2) the following officials at Coastal State Prison and the Georgia Diagnostic and Classification Prison (GDCP) in Jackson, Georgia: Benjamin Ward, Warden of GDCP; Brooks Benton, Warden of Coastal State Prison;

Lachesha Smith, PREA compliance manager at GDCP; Aretha Smith, correctional officer at GDCP; and Rodney Jackson, unit manager at Coastal State Prison.

The GDOC headquarters are located in Forsyth, Georgia, in Monroe County, within the Middle District of Georgia, the Macon Division.  Further, the GDCP is located in Jackson, Georgia, in Butts County, also within the Middle District of Georgia, the Macon Division.  Coastal State Prison is located in Garden City, in Chatham County, within the Southern District of Georgia.

A federal-law action may be brought in a judicial district where any defendant resides, if all defendants reside in the same State, or in the judicial district in which the claims arose.  28 U.S.C. § 1391(b).  When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought.  28 U.S.C. § 1406(a).  Additionally, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).

Venue is improper in this district, and the Court finds it to be in the interest of justice to transfer this action to the United States District Court for the Middle District of Georgia, where the majority of the Defendants are located.

Accordingly, **IT IS ORDERED** that this action is hereby **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA**, **THE MACON DIVISION**, along with all orders, motions, affidavits, pleadings and exhibits (if any) filed herein.

**IT IS SO ORDERED**, this 1st day of December, 2020.[1]

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] A transfer is a pretrial matter that is neither excepted under 28 U.S.C. § 636(b)(1)(A) nor dispositive of a party's claim or defense, and is properly determined by the assigned Magistrate Judge. See Fed. R. Civ. P. 72(a); United States v. Asghedom, 646 F. App'x 830, 832 (11th Cir. 2016) ("Under 28 U.S.C. § 636(b)(1)(A), magistrate judges are authorized to hear and determine any pretrial matter, except for certain exceptions."); Hartley v. Ellis, No. 5:09CV46, 2009 WL 564663, at *1 (N.D. Fla. Mar. 5, 2009) (reasoning that "because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority").