**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| ASHLEY DIAMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| vs. | ) | |
| | ) | 5:20-CV-453-MTT |
| TIMOTHY WARD, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendants Timothy Ward, Sharon Lewis, Javel Jackson, Ahmed Holt, Robert Toole, Benjamin Ford, Jack Sauls, Brooks Benton, Grace Atchison, Lachesha Smith, and Rodney Jackson ("Defendants"), by and through their counsel, the Attorney General for the State of Georgia, submit their Answer and Defenses Plaintiff's First Amended Complaint (Doc. 36) ("Complaint"), as follows:

**FIRST DEFENSE**

The Complaint fails for lack of subject matter jurisdiction.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Plaintiff has failed to exhaust available administrative remedies, pursuant to 42 U.S.C. §1997e, to which she was subject by virtue of her status as a prisoner incarcerated in prison at the time she brought this action for alleged violation of constitutional rights.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment and the doctrine of sovereign immunity.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the basis that an individual defendant sued in his or her official capacity is not a "person" subject to suit under 42 U.S.C. §1983.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or laches.

## EIGHTH DEFENSE

Plaintiff's claims for money damages are barred, in whole or in part, because she has not suffered a physical injury that is more than *de minimis*.

## NINTH DEFENSE

Plaintiff's claims for injunctive relief, if any, are barred, in whole or in part, because she has not suffered a violation of a Federal right.

## TENTH DEFENSE

Plaintiff's claims against the Defendants fail, in whole or in part, because the Defendants did not deprive Plaintiff of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

**ELEVENTH DEFENSE**

Plaintiff's claims are fail, in whole or in part, due to Plaintiff's failure to mitigate damages.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this case. Subject to and without waiving any of the foregoing defenses, Defendants respond to the allegations in Plaintiff's Complaint as follows:

**INTRODUCTION**

1.     Defendants admit that Plaintiff Ashley Diamond identifies as a transgender woman. Defendants admit that Plaintiff filed a previous lawsuit against persons, including Defendant Sharon Lewis, employed by the Georgia Department of Corrections ("GDC") in 2015. Defendants deny the remaining allegations in this paragraph of the Complaint.

2.     Defendants admit that Plaintiff's 2015 lawsuit, referred to in the Complaint and herein as "Diamond I," was styled *Ashley Diamond v. Brian Owens, et al.*, in the United States District Court for the Middle District of Georgia, Civil Action No. 5:15-CV-50-MTT. Defendants deny the remaining allegations in this paragraph of the Complaint.

3.     Defendants state that the assertions in this paragraph contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants admit that the *Diamond I* lawsuit received national media attention. Defendants further admit that the *Diamond I* Court entered an order denying some defendants' motions to dismiss and finding that Diamond had alleged violations of clearly established constitutional rights, such that qualified immunity did not preclude her claims at the pleading

stage. *Diamond v. Owens*, 131 F. Supp. 3d 1346 (M.D. Ga. Sept. 14, 2015). Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants state that the assertions in this paragraph contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations in the second and third sentences of this paragraph of the Complaint and lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of this paragraph of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the same. Defendants deny that they violated any of Plaintiff's federal rights.

5.      Defendants state that the assertions in this paragraph contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants admit that Plaintiff was paroled and released from GDC custody on August 31, 2015. Defendant Lewis denies the remaining allegations in this paragraph of the Complaint. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

6.      Defendants admit that Plaintiff violated the conditions of her parole and, as a result, was re-incarcerated. Defendants admit that Plaintiff is currently in GDC custody. Defendants deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants admit that, since returning to GDC custody, Plaintiff has been housed in facilities that house male offenders and is currently housed in a facility that houses male offenders. Defendants lack knowledge or information sufficient to form a belief as to the truth of

Plaintiff's fears or whether those fears "have repeatedly materialized" and, therefore, deny those allegations. Defendants deny the remaining allegations in this paragraph of the Complaint.

8.      Defendants deny the allegations contained in this paragraph of the Complaint.

9.      Defendants deny the allegations contained in this paragraph of the Complaint.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

11.     Defendants deny the allegations contained in this paragraph of the Complaint.

12.     Defendants state that the assertions in this paragraph consist only of argument and that the paragraph contains no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint.

13.     Defendants deny the allegations contained in this paragraph of the Complaint.

14.     Defendants admit that Plaintiff has initiated the instant action pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants deny the allegations contained in this paragraph of the Complaint. Further, Defendants deny that they have violated Plaintiff's federal rights and deny that Plaintiff is entitled to any relief in this action.

## JURISDICTION AND VENUE

16.     Defendants admit that Plaintiff has commenced the instant action pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants admit that this Court has jurisdiction over this action, pursuant to 28 U.S.C. §§1331 and 1343(a)(3). Defendants deny the allegations in the last sentence of this paragraph of the Complaint.

18.     Defendants admit the allegations in this paragraph of the Complaint.

19.     Defendants deny the allegations in this paragraph of the Complaint as pled. Defendants admit that the United States District Court for the Middle District of Georgia is a proper venue for this case, in its present posture, pursuant to 28 U.S.C. §1391(b).

## PARTIES

20.     Defendants admit that Plaintiff is forty-two years old, is African-American, and describes herself as a transgender woman. Defendants also admit that Plaintiff was the named plaintiff in *Diamond I*. Defendants admit that Plaintiff is currently in GDC custody. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff is "from Rome, Georgia" and, therefore, deny that allegation. Defendants deny the remaining allegations in this paragraph of the Complaint.

21.     Defendant Ward admits that he is currently the Commissioner for the GDC and has held that position since January 14, 2019. Defendant Ward admits that, as the Commissioner, he is responsible for ensuring that the policies created for use in management of inmates are followed by employees of the Department. Defendant Ward admits that he is being sued in both his individual and official capacities. Defendant Ward denies the remaining allegations contained in this paragraph of the Complaint as pled.

22.     Defendant Lewis admits that, at all times relevant to the events at issue in this case, she was the Statewide Medical Director for GDC and a member of the Statewide Classification Committee, as that committee is defined in GDC SOP No. 220.09 (effective July 26, 2019). Defendant Lewis further admits that she is sued in both her official and individual capacities. Defendant Lewis denies the remaining allegations in this paragraph of the Complaint as pled.

23.     Defendant Javel Jackson ("J. Jackson") admits, at all times relevant to the events at issue in this case, she was the Statewide Mental Health Director for GDC and a member of the Statewide Classification Committee, as that committee is defined in GDC SOP No. 220.09 (effective July 26, 2019). Defendant J. Jackson further admits that she is sued in both her official and individual capacities. Defendant J. Jackson denies the remaining allegations in this paragraph of the Complaint as pled.

24.     Defendant Holt admits that he is the Assistant Commissioner of the Facilities Division at GDC. Defendant Holt further admits that he is sued in both his individual and official capacities. Defendant Holt denies the remaining allegations in this paragraph of the Complaint as pled.

25.     Defendant Toole admits that he is and, at all times relevant to the events at issue in this case, was the Director of Field Operations at GDC and a member of the Statewide Classification Committee, as that committee is defined in GDC SOP 220.09 (effective July 26, 2019). Defendant Toole admits that he is sued in both his individual and official capacities. Defendant Toole denies the remaining allegations in this paragraph of the Complaint as pled.

26.     Defendant Ford admits that he is and, at all times relevant to the events at issue in this case, was the Warden of GDCP. Defendant Ford admits that he is sued in his individual capacity. Defendant Ford denies the remaining allegations in this paragraph of the Complaint as pled.

27.     Defendant Benton admits that he is and, at all times relevant to the events at issue in this case, was the Warden of Coastal State Prison ("Coastal").  Defendant Benton admits that he is sued in both his official and individual capacities. Defendant Benton denies the remaining allegations in this paragraph of the Complaint as pled.

28.     Defendant Sauls admits that he is and, at all times relevant to the events at issue in this case, was the Assistant Commissioner of the Health Services Division of GDC. Defendant Sauls admits that he supervises GDC healthcare personnel, including Defendants Lewis and J. Jackson. Defendant Sauls admits that he is sued in both his official and individual capacities. Defendant Sauls denies the remaining allegations in this paragraph of the Complaint as pled.

29.     Defendant Atchison admits that she is and, at all times relevant to the events at issue in this case, was the Statewide Prison Rape Elimination Act ("PREA") Coordinator and a member of the Statewide Classification Committee, as that committee is defined in GDC SOP 220.09 (effective July 26, 2019). Defendant Atchison admits that she is sued in both her official and individual capacities. Defendant Atchison denies the remaining allegations in this paragraph of the Complaint as pled.

30.     Defendants admit that Defendant Arneika Smith ("A. Smith") is sued in her individual capacity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint.

31.     Defendant LaChesha Smith ("L. Smith") admits that she was, at all times relevant to the events at issue in this case, the PREA Compliance Manager at GDCP. Defendant L. Smith admits that she is sued in her individual capacity. Defendant L. Smith denies the remaining allegations in this paragraph of the Complaint as pled.

32.     Defendant Rodney Jackson ("R. Jackson") admits that he was previously a Unit Manager at Coastal and that he is sued in his individual capacity. Defendant R. Jackson denies the remaining allegations in this paragraph of the Complaint.

## FACTUAL ALLEGATIONS

33.     Defendants admit that Plaintiff is a 42 years old and that Plaintiff identifies as a transgender woman.

34.     Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

35.     Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

36.     Defendants admit that the Complaint defines the phrase "sex assigned at birth" as a reference "to the sex recorded on a person's birth certificate at the time of birth." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

37.     Defendants admit that the term "transgender" is commonly understood to refer to persons who self identify as a sex other than the sex listed on their birth certificate. Defendants admit that the term "cisgender" is commonly understood to refer to persons who self identify as a sex consistent with the sex listed on their birth certificate. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

39.     Defendants Lewis and Jackson admit that gender dysphoria is a serious medical condition that appears in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders ("DSM-5"). Defendants Lewis and Jackson deny the remaining allegations in this paragraph of the Complaint as pled. Defendants Lewis and Jackson further admit that, untreated, gender dysphoria can lead to psychological suffering and physical injury. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny those allegations contained in this paragraph.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations contained in this paragraph.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny the allegations contained in this paragraph, except that Defendant Lewis denies the allegations in the final sentence of this paragraph.

42.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

43.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

44.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

45.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

46.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

47.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

48.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

49.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

50.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

51.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

52.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendant Lewis denies the allegations contained in this paragraph. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

53.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants admit the allegations in this paragraph of the Complaint but deny that they violated any of Plaintiff's federal rights or caused any injury to Plaintiff.

54.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants state that the text of the parties' filings in *Diamond I* speak for themselves, and Defendants deny the allegations in this paragraph of the Complaint to the extent that they may be inconsistent with the text of such filings.

55.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent

that a response may be required, Defendants admit that, on April 3, 2015, the United States Department of Justice filed a Statement of Interest in *Diamond I* that contained a sentence similar to the sentence quoted in this paragraph of the Complaint. However, Defendants deny that Plaintiff accurately quotes that sentence. Defendants deny any remaining allegation in this paragraph of the Complaint.

56. Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint.

57. Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants admit that, on September 14, 2015, the United States District Court for the Middle District of Georgia entered an order denying some of the *Diamond I* defendants' motions to dismiss and allowing claims to proceed against multiple defendants, including Defendant Lewis. Defendants admit that the Court's September 14, 2015 order is available at *Diamond v. Owens*, 131 F. Supp. 3d 1346 (M.D. Ga. Sept. 14, 2015). Defendants state that the referenced court order speaks for itself, and Defendants deny any assertions inconsistent with the text of the order.

58. Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants state that the referenced court order speaks for itself, and Defendants deny any assertions inconsistent with the text of the order.

59.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants state that the referenced court order speaks for itself, and Defendants deny any assertions inconsistent with the text of the order.

60.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants state that the referenced court order speaks for itself, and Defendants deny any assertions inconsistent with the text of the order.

61.     Defendants state that the assertions in this paragraph of the Complaint contain no fact allegations related to the instant litigation; therefore, no response is required. To the extent that a response may be required, Defendants state that the referenced court order speaks for itself, and Defendants deny any assertions inconsistent with the text of the order.

62.     Defendants admit that Diamond was paroled and released from GDC custody on August 31, 2015 and admit that the conditions of Diamond's parole release included that she would be placed on supervised parole for a term of nine years. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

63.     Defendants Ward and Lewis deny the allegations contained in this paragraph as pled. Defendants Ward and Lewis admit that *Diamond I* was settled and that Plaintiff was paid a monetary sum. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

64.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

65.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

67.     Defendants admit that, following a parole violation, Plaintiff was returned to GDC custody on October 29, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of what Plaintiff stated during the GDC intake process and, therefore, deny the allegations in this paragraph of the Complaint concerning those issues. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants deny the allegations in this paragraph of the Complaint as pled.

70.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, Atchison, Benton and Ford admit that, since October 29, 2019, the only GDC facilities in which Plaintiff has been incarcerated are GDCP and Coastal, both of which house male offenders. These Defendants deny the remaining allegations contained in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

71.     Defendants deny the allegations contained in this paragraph of the Complaint. Further, Defendants deny that they violated any of Plaintiff's federal rights and deny that they caused Plaintiff any injury.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

75.     Defendant L. Smith denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations

76.     Defendants Ford, Atchison, and L. Smith deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

77.     Defendant L. Smith denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

82.     Defendants deny that the alleged interaction between Plaintiff and Nurse Lucas was captured on GDC surveillance video. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

83.     Defendant L. Smith admits that, on March 12, 2020, Plaintiff reported to L. Smith that Nurse Lucas had sexually assaulted Plaintiff. Defendants L. Smith, Ford, and Atchison admit that, on March 12, 2020, Defendant L. Smith was GDCP's PREA Compliance Manager. Defendants Ford and Atchison admit that GDC documentation indicates Plaintiff reported the alleged assault by Nurse Lucas to Defendant L. Smith on March 12, 2020. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Complaint and, therefore, deny those allegations.

84.     Defendant L. Smith denies the allegations in this paragraph of the Complaint. The remaining Defendants deny that there is "a widespread and pervasive pattern by GDC personnel of disregarding the safety needs of incarcerated transgender people in their custody" but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

85.     Defendants Ward, Lewis, J. Jackson, Holt, Sauls, Toole, Ford, and Atchison deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

86.     Defendants Ward, Lewis, J. Jackson, Holt, Sauls, Toole, Ford and Atchison deny the allegations set forth in this paragraph of the Complaint. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

87.     Defendants Ward, Lewis, J. Jackson, Holt, Sauls, Toole, Ford, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants deny the existence of "a widespread and pervasive pattern of GDC decisionmakers disregarding the safety needs of incarcerated transgender people in their custody and refusing to train and supervise GDC employees." The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff spoke with Ms. Whiters about the alleged incident involving Nurse Lucas. Defendants Ford and L. Smith deny the remaining allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

90.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

91.    Defendant L. Smith denies the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

92.    Defendants admit that Plaintiff's lawyers wrote a letter dated May 1, 2020, state that the letter speaks for itself, and deny any remaining allegation in this paragraph of the Complaint.

93.    The allegations in this paragraph of the Complaint are denied as pled.

94.    The allegations in this paragraph of the Complaint are denied as pled.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

105.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

106.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

108.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

109.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

110.   Defendants admit that Plaintiff's lawyers wrote a letter dated May 20, 2020, state that the letter speaks for itself, and deny any remaining allegation in this paragraph of the Complaint.

111.   The allegations in this paragraph of the Complaint are denied as pled.

112.   The allegations in this paragraph of the Complaint are denied.

113.   Defendants admit that Plaintiff's lawyers wrote a letter dated June 3, 2020 and state that the letter speaks for itself. Defendants lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

114.    The allegations in this paragraph of the Complaint are denied.

115.    Defendants admit that, on June 4, 2020, Plaintiff was transferred from GDCP to Coastal State Prison, which is a GDC prison facility that houses male offenders. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

116.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

118.    Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

119.    Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

120.    Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

121.    Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

122.     Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

123.     Defendant R. Jackson denies that he had organized or conducted the alleged dormitory-wide meeting referenced in this paragraph of the Complaint and denies that he made "derogatory statements" about Plaintiff as alleged in this paragraph of the Complaint. Defendant R. Jackson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

124.     Defendants deny the allegations set forth in this paragraph of the Complaint.

125.     Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

126.     Defendant R. Jackson denies the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

127.     Defendants admit that Plaintiff's lawyers wrote a letter dated July 2, 2020, state that the letter speaks for itself, and deny any remaining allegations in this paragraph of the Complaint. Defendant R. Jackson denies that he engaged in misconduct with respect to Plaintiff or increased the risk of Plaintiff being exposed to violence or sexual assault.

128.    Defendants Benton and R. Jackson deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

129.    Defendant R. Jackson denies threatening or "pressur[ing]" Plaintiff as alleged in this paragraph of the Complaint, and Defendant Benton denies improperly distributing the letter from Plaintiff's counsel dated July 2, 2020 or any attachments thereto. Defendants R. Jackson and Benton lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

130.    Defendant Benton denies the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

132.    Defendants Benton and Atchison admit that they were notified that Plaintiff reported that she was sexually assaulted on or about July 3, 2020. Defendants Benton and Atchison lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those

allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

133.    Defendants Benton and Atchison deny the allegations set forth in the first sentence of this paragraph of the Complaint. Defendants Benton and Atchison lack knowledge or information sufficient to for a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

134.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

135.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

136.    Defendants Toole, R. Jackson, and Benton deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

137.    Defendant Benton denies that he dismissed Plaintiff's concerns as alleged in the first sentence of this paragraph of the Complaint. Defendant Benton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, denies those allegations. The remaining Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations. Defendants further deny that they set protocols to house Plaintiff in a cell that does not lock, directed anyone to house Plaintiff in a cell that did not lock, or ignored any report that Plaintiff was housed in a cell that did not lock.

138.     Defendant Benton denies the allegations in this paragraph of the Complaint and specifically denies that he "has allowed incarcerated people from other dormitories to repeatedly and improperly access" Plaintiff's dormitory. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies those allegations.

139.     Defendants admit that Plaintiff's lawyers wrote a letter dated July 20, 2020, state that the letter speaks for itself, and deny any remaining allegations in this paragraph of the Complaint.

140.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

141.     Defendants Ward, Lewis, Holt, J. Jackson, Toole, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph o the Complaint and, therefore, deny those allegations.

142.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

143.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

144.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

145.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

146.     Defendants admit that Plaintiff's lawyers wrote a letter dated September 29, 2020, state that the letter speaks for itself, and deny any remaining allegations in this paragraph of the Complaint.

147.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, Benton and Atchison deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

148.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

149.     Defendants admit that Plaintiff's lawyers wrote a letter dated October 23, 2020, state that the letter speaks for itself, and deny any remaining allegations in this paragraph of the Complaint.

150.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

151.     Defendants Toole and Benton deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

152.     The allegations in this paragraph of the Complaint are denied.

153.     The allegations in this paragraph of the Complaint are denied.

154.     The allegations in this paragraph of the Complaint are denied.

155.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint that Plaintiff "continues to struggle with PTSD, caused by the sexual assaults she has endured in GDC custody, suicidal ideation, self-harm, and impulses to self-castrate" and, therefore, deny those allegations. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.     Defendants deny the allegations set forth in this paragraph of the Complaint.

157.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

158.     The allegations in this paragraph of the Complaint are denied.

159.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

160.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

161.    Defendants Ward, Lewis, J. Jackson, and Sauls deny that Plaintiff has not received "medically necessary forms of gender dysphoria treatment[.]" These Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

162.    Defendant J. Jackson denies the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

163.    This paragraph of the Complaint purports to describe the Standards of Care for the Health of Transsexual, Transgender, and Gender-Nonconforming People promulgated by the World Professional Association for Transgender Health (the "WPATH Standards of Care"), which is a document that speaks for itself. Defendants deny any remaining allegation in this paragraph.

164.    This paragraph of the Complaint purports to describe the WPATH Standards of Care, which is a document that speaks for itself. Defendants deny any remaining allegation in this paragraph.

165.    This paragraph of the Complaint purports to describe the WPATH Standards of Care, which is a document that speaks for itself. Defendants deny any remaining allegation in this paragraph.

166.    This paragraph of the Complaint purports to describe the WPATH Standards of Care, which is a document that speaks for itself. Defendants deny any remaining allegation in this paragraph.

167.    This paragraph of the Complaint purports to describe the WPATH Standards of Care, which is a document that speaks for itself. Defendants deny any remaining allegation in this paragraph.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

169.    Defendants Lewis and J. Jackson deny the allegations in this paragraph as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

170.    Defendants Lewis and J. Jackson deny the allegations in this paragraph as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

171.    This paragraph of the Complaint purports to describe the WPATH Standards of Care, which is a document that speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

172.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

173.    Defendants Lewis, J. Jackson, and Sauls deny that Plaintiff requires access to electrolysis, laser hair removal, or medicated hair removal creams. Defendants Lewis, Sauls and J. Jackson lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

175.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

176.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

177.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

178.    The allegations in this paragraph of the Complaint are denied as pled. Defendants admit that Plaintiff filed a document with the Court, in *Diamond I*, which purported to be a declaration from Dr. Ettner. Defendants deny that the allegations in this paragraph of Plaintiff's Complaint accurately reflect the statements in the cited paragraph of that purported declaration. To the extent that a further response to this paragraph of the Complaint may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

179.    Defendants admit that Plaintiff filed a document with the Court, in *Diamond I*, which purported to be a declaration from Dr. Ettner. Defendants deny that the allegations in this paragraph of the Complaint accurately reflect the statements in the cited paragraph of that purported declaration.

180.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

183.    Defendants Lewis and J. Jackson deny that Dr. Daniel Fass contacted them "to alert them to the fact that GDC's existing approach to care was inadequate." Defendants Lewis and J. Jackson lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

184.    Defendants Lewis, J. Jackson, and Sauls deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

185.    The allegations in this paragraph of the Complaint are denied.

186.    The allegations in this paragraph of the Complaint are denied.

187.    The allegations in this paragraph of the Complaint are denied.

188.    The allegations in this paragraph of the Complaint are denied.

189.    The allegations in this paragraph of the Complaint are denied.

190.    The allegations in this paragraph of the Complaint are denied.

191.    The allegations in this paragraph of the Complaint are denied.

192.    The allegations in this paragraph of the Complaint are denied, and Defendants deny the existence of the alleged "Hormones-Only Policy" referenced in this paragraph of the Complaint.

193.    Defendants deny that Plaintiff "repeatedly alerted Defendants Ward, Lewis, J. Jackson, and Sauls to the issues through her Notices of Violations and begged for a resolution." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

194.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

195.    The allegations in this paragraph of the Complaint are denied.

196.    Defendants Lewis, J. Jackson, and Sauls admit that they have never personally conducted a medical examination of Plaintiff and deny the remaining allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

197.    The allegations in this paragraph of the Complaint are denied.

198.    Defendants Lewis and J. Jackson deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

199.     Defendant Lewis denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

200.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

201.     Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

202.     The allegations in this paragraph of the Complaint are denied.

203.     Defendant Lewis denies the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

204.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

205.     The allegations in this paragraph of the Complaint are denied.

206.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

36

207.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

208.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations. Defendants deny that they have "willfully denied medically necessary gender dysphoria treatment to Plaintiff" and deny that they violated any of Plaintiff's federal rights.

209.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

210.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

211.     Defendants Ward, Lewis, J. Jackson, Sauls, and Ford deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

212.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

213.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

214.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

215.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

216.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

217.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

218.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

219.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

220.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

221.    The allegations in this paragraph of the Complaint are denied as pled.

222.    Defendants Toole and Benton deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

223.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

224.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient

to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

225.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

226.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations. Defendants deny that Plaintiff was denied medically necessary care as may be alleged in this paragraph, deny that they violated her rights in any manner as alleged in this action, and deny that any conduct of their caused injury to Plaintiff including the "physical injury," "severe gender dysphoria symptoms," "suicid[al] ideation," and "self-castration attempts" that are referenced in this paragraph.

227.    The allegations in this paragraph of the Complaint are denied.

228.    Defendants deny the allegations contained in the first sentence of this paragraph of the Complaint, as pled. Defendants admit that: GDC has a Standard Operating Procedure ("SOP") titled "Classification and Management of Transgender and Intersex Offenders[;]" this SOP is assigned Policy Number 220.09; and this SOP went into effect on July 26, 2019. The text of the SOP speaks for itself; to the extent that the allegations in this paragraph of the Complaint may be inconsistent with the terms of the SOP, the allegations are denied. Defendants deny that the Prison Rape Elimination Act of 2000 is codified at 42 U.S.C. §15601 *et seq*. Defendants admit that the Prison Rape Elimination Act of 2000 and related regulations, 34 U.S.C. §30301 *et*

*seq.* and 28 C.F.R. §115 *et seq.*, exist. The text of the statutes and regulations speak for themselves, and to the extent that the allegations in this paragraph of the Complaint may be inconsistent with the terms of the statutes and regulations, the allegations are denied.

229.    The allegations in this paragraph of the Complaint are denied as pled. Defendants further state that the text of the SOP speaks for itself; to the extent that the allegations in this paragraph of the Complaint may be inconsistent with the terms of the SOP, the allegations are denied.

230.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

231.    Defendants Toole and Ford admit that they and other GDC personnel met with Plaintiff on or about October 29, 2019. Defendants Toole and Ford deny that Defendant Toole said "Well, well, well, the famous Ashley Diamond" or in any way "acknowledge[ed] his awareness of the facts underlying … *Diamond I*," as alleged in the Complaint. Defendants Toole and Ford deny the allegations in the final sentence of this paragraph of Complaint as pled. Defendants Toole and Ford lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

232.    Defendant Atchison admits that she spoke with Plaintiff several days after Plaintiff's intake at GDCP. Defendant Atchison denies the remaining allegations in this

41

paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

233.    Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

234.    The allegations in this paragraph of the Complaint are denied.

235.    Defendants state that the text of the letters, dated May 1, 2020, May 20, 2020, June 3, 2020, July 2, 2020, July 20, 2020, September 29, 2020, and October, 23, 2020, and the emails, dated November 2, 2020 and November 6, 2020, speak for themselves. Defendants deny the allegations in this paragraph of the Complaint to the extent that they may be inconsistent with the text of those letters and emails. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph of the Complaint and, therefore, deny those allegations. Defendants deny any remaining allegation in this paragraph of the Complaint.

236.    The allegations in the first sentence of this paragraph are denied. Defendant Atchison admits that she eventually received copies of the May 1, 2020, May 20, 2020, June 3, 2020, July 2, 2020, July 20, 2020, September 29, 2020 and October 23, 2020 letters from Plaintiff's counsel, but Defendant Atchison lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, denies those allegations. Defendant J. Jackson denies the allegations in the third sentence of this paragraph of the Complaint; Defendant J. Jackson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph of the Complaint and, therefore, denies those allegations. Defendant Ford denies the allegations in the final sentence of this paragraph of the Complaint; Defendant Ford lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

237.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

238.    The allegations in this paragraph of the Complaint are denied as pled.

239.    Defendants admit that GDC has both men's and women's facilities, admit that cisgender women, as that phrase is used in the Complaint, are housed in women's facilities, and deny the remaining allegations in this paragraph. Answering further, Defendants state that it is GDC's policy and practice to protect all inmates, regardless of the facility where they are held and regardless of their gender or gender identity, from sexual victimization by another inmate, regardless of the other inmate's gender or gender identity.

240.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, and Atchison deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

241.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

242.    Defendant J. Jackson admits that Dr. David Roth is a mental health professional who works at Coastal; Defendant Lewis lacks knowledge or information sufficient to form a belief as to the truth of Dr. Roth's employment and, therefore, denies the allegations in this paragraph of the Complaint concerning the same. Defendants Lewis and J. Jackson deny the remaining allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

243.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

244.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

245.    Defendants Lewis and J. Jackson deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

246.    The allegations in this paragraph of the Complaint are denied.

247.    The allegations in this paragraph of the Complaint are denied.

248.    The allegations in this paragraph of the Complaint are denied.

249.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph of the complaint that there is "no evidence" for the proposition stated and, therefore, deny the allegation. Defendants deny any remaining allegation

in this paragraph. Answering further, Defendants state that housing determinations involve individual security assessments.

250.     The allegations in this paragraph of the Complaint are denied.

251.     The allegations in this paragraph of the Complaint are denied.

252.     The allegations in this paragraph of the Complaint are denied.

253.     The allegations in this paragraph of the Complaint are denied.

254.     The allegations in this paragraph of the Complaint are denied.

255.     The allegations in this paragraph of the Complaint are denied.

256.     The allegations in this paragraph of the Complaint are denied.

257.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations. Defendants deny the existence of "systemic constitutional violations" within GDC and deny that they had knowledge of, permitted or caused the existence of, or failed to adequately respond to any constitutional violations.

258.     The allegations in this paragraph of the Complaint are denied.

259.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

260.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

261.    The allegations in this paragraph of the Complaint are denied.

262.    The allegations in this paragraph of the Complaint are denied.

263.    The allegations in this paragraph of the Complaint are denied.

264.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

265.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations. However, Defendants Benton and R. Jackson deny that they ever disregarded or failed to respond appropriately to any report that Plaintiff's cell door lock was not functioning properly.

266.    Defendant Benton denies the allegations contained in the first sentence of this paragraph of the Complaint. Defendant Benton lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, denies those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations. Further, Defendants Toole and Benton deny that they had set protocols to prevent Plaintiff's door from locking as it normally should. Additionally, Defendants Benton and R. Jackson deny that ignored any Complaint that the lock on Plaintiff's cell was not functioning properly.

267.    Defendants Toole, Ford, and Benton deny the allegations in the final sentence of this paragraph of the Complaint and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny

those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

268.    Defendants Ford and Atchison admit that they were notified of Plaintiff's allegation that nurse Lucas sexually assaulted her on March 10, 2020. Defendants Ford and Atchison lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

269.    The allegations in this paragraph of the Complaint are denied.

270.    The allegations in this paragraph of the Complaint are denied.

271.    The allegations in this paragraph of the Complaint are denied.

272.    The allegations in this paragraph of the Complaint are denied.

273.    The allegations in this paragraph of the Complaint are denied.

274.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

275.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, R. Jackson, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

276.    Defendant Benton denies the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

277.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Benton, and Atchison deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

278.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Atchison, and Benton deny the allegations set forth in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

279.    The allegations in this paragraph of the Complaint are denied as pled.

## CLAIMS FOR RELIEF

## COUNT I

### Eighth Amendment Violation Under 42 U.S.C. §1983 – Failure to Protect

*For Declaratory and Injunctive Relief Against Defendants Ward, Lewis, J. Jackson, Holt, Toole, Benton, and Atchison*

*For Damages Against Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson*

280.    Defendants restate and reassert their responses to paragraphs 1-4, 6-10, 12-14, 16-27, 29, 31-49, 53-54, 57-61, 64-157, 218-220, 227-246, 257, and 259-279 of the Complaint as if fully set forth herein.

281.   Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants admit that the Eighth Amendment to the U.S. Constitution prohibits the use of cruel and unusual punishment. Defendants deny the remaining allegations in this paragraph of the Complaint as pled.

282.   The allegations in this paragraph of the Complaint are denied.

283.   The text of PREA and GDC's written policies speak for themselves, and to the extent that the allegations in this paragraph of the Complaint may be inconsistent with the terms of those writings, the allegations are denied.

284.   Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson deny the allegations in this paragraph of the Complaint. Defendant Sauls lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

285.   Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson deny the allegations in this paragraph of the Complaint. Defendant Sauls lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

286.   Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson deny the allegations in this paragraph of the Complaint. Defendant Sauls lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

287.   Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

288.    Defendants Ford, Benton and R. Jackson deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

289.    Defendant L. Smith denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

290.    Defendant R. Jackson denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

291.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson deny the allegations in this paragraph of the Complaint. The remaining Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, denies those allegations.

292.    The allegations in this paragraph of the Complaint are denied.

293.    Defendants admit that Plaintiff seeks nominal, compensatory, and punitive damages against Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, L. Smith, and R. Jackson in their individual capacities. Defendants deny that Plaintiff is entitled to any relief in this action, including damages.

294.    Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Benton in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and deny that Plaintiff is entitled to any relief in this action, including injunctive or declaratory relief.

## COUNT II

### Eighth Amendment Violation under 42 U.S.C. §1983 – Sexual Abuse

*For Declaratory Relief and Damages Against Defendant Arneika Smith*

295.    Defendants restate and reassert their responses to paragraphs 1, 9-10, 14, 16-20, 30, 33-41, 95-114, and 270-272 of the Complaint as if fully set forth herein.

296.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants admit that the Eighth Amendment to the U.S. Constitution prohibits the use of cruel and unusual punishment, including subjecting inmates to sexual assault by corrections staff. Defendants deny that they subjected Plaintiff to sexual assault by corrections staff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and, therefore, deny those allegations.

297.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint as pled.

298.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

299.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

300.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

301.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

302.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

303.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

304.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

## COUNT III

### Fourteenth Amendment Violation Under 42 U.S.C. §1983 – Privacy

#### *For Declaratory Relief and Damages Against Defendant Arneika Smith*

305.     Defendants restate and reassert their responses to paragraphs 1, 9-10, 14, 16-20, 30, 33-41, 95-114, 270-272, and 298-303 of the Complaint as if fully set forth herein.

306.     Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants admit that the Fourteenth Amendment to the U.S. Constitution protects certain individual rights of persons within the United States of America. Defendants deny the remaining allegations in this paragraph of the Complaint as pled.

307.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint as pled.

308.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint as pled.

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

310.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

311.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

313.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

**COUNT IV**

**Eighth Amendment Violation Under 42 U.S.C. §1983 – Policy, Pattern, or Custom**

*For Declaratory and Injunctive Relief Against Defendants Ward, Lewis, J. Jackson, Holt,*

*Toole, and Atchison*

314.     Defendants restate and reassert their responses to paragraphs 1-4, 6-10, 12-14, 16-25, 29, 33-49, 53-54, 57-61, 64-157, 218-220, 227-264, 267-275, 277-279, 281-287, and 291-292 of the Complaint as if fully set forth herein.

315.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

316.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

317.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

318.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

319.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

320.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

321.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

322.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the existence of the "De Facto Placement Ban" alleged to exist in this paragraph of the Complaint, deny that they have applied a "De Facto Placement Ban" to Plaintiff, deny that they have refused to provide Plaintiff with a "non-segregated housing placement that adequately protects her from the heightened risk of sexual assault she faces as a transgender woman in men's prisons," and deny that their conduct, if any, with respect to Plaintiff has lacked an appropriate basis. Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny any remaining allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

323.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

324.    Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and deny that Plaintiff is entitled to any relief in this action.

**COUNT V**

**Fourteenth Amendment Equal Protection Violation under 42 U.S.C. §1983**

*For Declaratory and Injunctive Relief Against Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison*

325.    Defendants restate and reassert their responses to paragraphs 1-4, 6-10, 13-14, 16-25, 29, 33-49, 53-54, 57-61, 64-157, 218-220, 227-264, 267-275, 277-279, 282-283, 287, and 314-323 of the Complaint as if fully set forth herein.

326.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants state that the Fourteenth Amendment to the U.S. Constitution speaks for itself, and Defendants deny any allegation inconsistent with the text of the amendment.

327.    Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

328.  Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

329.  Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

330.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

331.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

332.  The allegations in this paragraph of the Complaint are denied.

333.  Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

334.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

335.     The allegations in this paragraph of the Complaint are denied.

336.     The allegations in this paragraph of the Complaint are denied.

337.     The allegations in this paragraph of the Complaint are denied.

338.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

339.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

340.     Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

341.     Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Ward, Holt, Lewis, J. Jackson, Toole, and Atchison in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and further deny that Plaintiff is entitled to any relief in this action.

## COUNT VI

### Equal protection under 42 U.S.C. §1983 – Policy, Practice, or Custom

*For Declaratory and Injunctive Relief Against Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison*

342.    Defendants restate and reassert their responses to paragraphs 1-4, 6-10, 13-14, 16-25, 29, 33-49, 53-54, 57-61, 64-157, 218-220, 227-264, 267-275, 277-279, 282-283, 287, 314-323, and 325-340 of the Complaint as if fully set forth herein.

343.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

344.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

345.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

346.    Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

347.     Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Ward, Lewis, J. Jackson, Holt, Toole, and Atchison in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and further deny that Plaintiff is entitled to any relief in this action.

## COUNT VII

### Eighth Amendment Under 42 U.S.C. §1983 – Failure to Provide Medical Care

*For Damages and Declaratory and Injunctive Relief Against Defendants Lewis, J. Jackson, and Sauls*

348.     Defendants restate and reassert their responses to paragraphs 1-3, 5, 8, 11-12, 14, 16-20, 22-23, 28, 33-44, 50-58, 60-61, 63, and 158-226 of the Complaint as if fully set forth herein.

349.     Defendants state that this paragraph of the Complaint consists of legal argument and contains no allegations of fact, with the result that no response is required. To the extent that a response may be required, Defendants deny the allegations in this paragraph of the Complaint as pled.

350.     Defendants Lewis and J. Jackson admit that they knew that Plaintiff had gender dysphoria. Defendant Sauls denies that he knew Plaintiff had gender dysphoria. Defendants Lewis, J. Jackson, and Sauls admit that gender dysphoria is a serious medical need but deny the remaining allegations in this paragraph of the Complaint as pled. The remaining Defendants: lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph of the Complaint and, therefore, deny those allegations; and deny the remaining allegations in this paragraph of the Complaint.

351.     Defendants Lewis and J. Jackson admit that they knew Plaintiff required ongoing evaluations from mental health professionals qualified to treat gender dysphoria. Defendants

Lewis and J. Jackson deny the remaining allegations in this paragraph of the Complaint. Defendant Sauls denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

352.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint as pled. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

353.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

354.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

355.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

356.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

357.    Defendant Lewis denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, deny those allegations.

358.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

359.    Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Lewis, J. Jackson, and Sauls in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and deny that Plaintiff is entitled to any relief in this action.

360.    Defendants admit that Plaintiff seeks nominal, compensatory, and punitive damages from Defendants Lewis, J. Jackson, and Sauls in their individual capacities. Defendants deny that Plaintiff is entitled to such relief and further deny that Plaintiff is entitled to any relief in this action.

## COUNT VIII

### Eighth Amendment Under 42 U.S.C. §1983 – Policy, Custom, or Practice

***For Declaratory and Injunctive Relief Against Defendants Ward, Lewis, J. Jackson, and Sauls***

361.    Defendants restate and reassert their responses to paragraphs 1-3, 5, 8, 11-12, 14, 16-23, 28, 33-44, 50-58, 60-61, 63, 158-226, and 349-358 of the Complaint as if fully set forth herein.

362.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

363.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

364.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

365.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint, specifically deny the existence of the "Hormones-Only Policy" described in this paragraph of the Complaint, and deny that they have adopted such a policy, practice or custom. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

366.    Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

367.     Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint and specifically deny that they have refused "to authorize anything beyond the provision of hormone therapy to" Plaintiff. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

368.     Defendants Ward, Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

369.     Defendants admit that Plaintiff seeks injunctive and declaratory relief against Defendants Ward, Lewis, J. Jackson, and Sauls in their official capacities. Defendants deny the remaining allegations in this paragraph of the Complaint and deny that Plaintiff is entitled to any relief in this action.

## COUNT IX

### 42 U.S.C. §1983 – Failure to Train and Supervise

*For Declaratory and Injunctive Relief and Damages Against Defendants Ward, Lewis, J. Jackson, Sauls, Ford, and Benton*

370.     Defendants restate and reassert their responses to paragraphs 1-14, 16-23, 26-61, 63-279, 282-292, 298-303, 309-312, 315-323, 331-340, 343-346, 350-358, and 362-368 of the Complaint as if fully set forth herein.

371.     Defendant Ward denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

372.     Defendant Ward denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

373.     Defendant Ward denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

374.     Defendant Benton denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

375.     Defendant Benton denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

376.     Defendant Benton denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

377.     Defendant Ford denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

378.     Defendant Ford denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

379.    Defendant Ford denies the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

380.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

381.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

382.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

383.    Defendants Lewis, J. Jackson, and Sauls deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

384.    Defendants Ward, Lewis, J. Jackson, Sauls, Ford, and Benton deny the allegations in this paragraph of the Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, deny those allegations.

385.    Defendants admit that Plaintiff seeks declaratory and injunctive relief and that Plaintiff seeks nominal, compensatory, and punitive damages from Defendants Ward, Lewis, J. Jackson, Sauls, Ford, and Benton in their individual capacities. Defendants deny that Plaintiff is entitled to such relief and further deny that Plaintiff is entitled to any relief in this action.

386.    The allegations in this paragraph of the Complaint are denied.

## PRAYER FOR RELIEF

387.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

388.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

389.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

390.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

391.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

392.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

393.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

394.    Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

395.     Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

396.     Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

397.     Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

398.     Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

399.     Defendants deny that Plaintiff is entitled to the relief sought in this paragraph and in this action.

## **GENERAL DENIAL**

To the extent that any allegation of the Complaint has not been specifically admitted, denied, or otherwise controverted herein, Defendants deny the allegation.

WHEREFORE, having answered fully, Defendants request a jury trial on all issues so triable, that judgment be entered in their favor and against Plaintiff on all claims, that Plaintiff take nothing from Defendants, that Defendants be awarded and Plaintiff assessed all costs of this action, and that the Court enter such other relief as it deems just and proper.

[Remainder of page intentionally left blank; signature on following page.]

Respectfully submitted this 9th day of March, 2021.

CHRISTOPHER M. CARR   112505
Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:                    KATHLEEN M. PACIOUS   558555
                                      Deputy Attorney General

J. Kyle Brooks
Assistant Attorney General            ROGER A. CHALMERS      118720
40 Capitol Square, S.W.               Senior Assistant Attorney General
Atlanta, Georgia 30334
Telephone: (470) 355-2765             /s/ J. Kyle Brooks
Facsimile: (404) 651-5304             J. KYLE BROOKS         773561
Email: kbrooks@law.ga.gov             Assistant Attorney General

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Elizabeth Littrell
Southern Poverty Law Center
P.O. Box 1287
Decatur, Georgia 30031

Tyler Rose Clemons
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, Louisiana 70170

Maya G. Rajaratnam
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104

A. Chinyere Ezie
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012

Annarita L. McGovern
Terry L. Long
Satcher & McGovern, LLC
288 South Main Street
Suite 100
Alpharetta, Georgia 30009

This 9th day of March, 2021.

/s/ J. Kyle Brooks
J. KYLE BROOKS          773561
Assistant Attorney General

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
Telephone: (470) 355-2765
Facsimile:  (404) 651-5304
Email: kbrooks@law.ga.gov