UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ASHLEY DIAMOND,<br><br>      **Plaintiff,**<br><br>  v.<br><br>TIMOTHY WARD, et al.,<br><br>      **Defendants.** | CASE NO. 5:20-CV-00453-MTT |

## SCHEDULING AND DISCOVERY ORDER

**ADDED BY THE COURT: No extensions will be granted except for providential cause.**

The Parties held a Rule 26(f) conference on <u>March 24, 2021</u>. In accordance with the Court's Rules 16 and 26 Order dated <u>March 8, 2021</u>, the Parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I. Nature of the Case:**

This is a civil rights action brought under 42 U.S.C. § 1983 to challenge Plaintiff Ashley Diamond's alleged treatment by Georgia Department of Corrections ("GDC") officials while in their custody, first at Georgia Diagnostic and Classification Prison and later at Coastal State Prison. Plaintiff alleges that Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Sauls, Benton, Atchison, L. Smith, and R. Jackson ("GDC Defendants") have violated her Eighth Amendment rights by failing to protect her from sexual assault, failing to train and supervise, and denying her constitutionally adequate medical and mental health care. Plaintiff also asserts the housing placement decisions made by several of the GDC Defendants discriminated against her on the basis of her transgender status constituting sex discrimination under the Equal

Protection Clause of the Fourteenth Amendment. Plaintiff also asserts, against Defendant A. Smith, claims for sexual abuse under the Eighth Amendment and invasion of privacy under the Fourteenth Amendment. Plaintiff seeks declaratory judgment, damages (compensatory, nominal, and punitive), and injunctive relief.

Defendants deny Plaintiff's allegations, deny Plaintiff's rights have been violated as claimed, and deny that Plaintiff is entitled to the relief she seeks in this action.

## II.   Counsel of Record:

The following individually-named attorneys are designated lead counsel for the Parties:

**Lead Counsel for Plaintiff:**
Elizabeth Littrell
Southern Poverty Law Center
PO Box 1287
Atlanta, GA 30030
Phone: 678-772-5237
Fax: 404-221-5857
Email: beth.littrell@splcenter.org

Andrea Chinyere Ezie
Center for Constitutional Rights
666 Broadway, Floor 7
New York, NY 10012
Phone: 212-614-6467
Fax: 212-614-6467
Email: cezie@ccrjustice.org

**Lead Counsel for Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Sauls, Benton, Atchison, L. Smith, and R. Jackson ("GDC Defendants"):**
Robert B. Shapiro
State Law Department
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
Phone: 470-355-2765
Fax: 404-651-5304
Email: rshapiro@law.ga.gov

**Lead Counsel for Defendant A. Smith:**
Annarita L McGovern
Satcher McGovern Law
388 S Main St, Suite 100
Alpharetta, GA 30009
Phone: 770-847-7280
Fax: (770) 765-0225
Email: amcgovern@satchermcgovernlaw.com

III.  **Complaint and Answer filing dates:**

| | |
|---|---|
| Complaint was filed: | November 23, 2020 |
| Answer was filed: | January 26, 2021 (Defendant A. Smith) |
| | February 16, 2021 (GDC Defendants) |
| Amended Complaint was filed: | February 16, 2021 |
| Answer to Amended Complaint was filed: | March 1, 2021 (Defendant A. Smith) |
| | March 9, 2021 (GDC Defendants) |

IV.  **Discovery Deadlines:**

  A.  **Time for Discovery**

   The time for discovery in this case shall expire January 3, 2022, nine months after the submission of this Proposed Order to provide adequate time for fact and expert discovery given the number of Parties in this case.

   If a party believes that more time for discovery is needed, they may file an appropriate motion, accompanied by a proposed order for the Court, setting forth good cause for an extension, providing an opportunity for all parties to be heard on the matter.

  B.  **Scope of Discovery**

   The Parties intend to seek discovery related to the factual basis for Plaintiff's claims, Defendants' alleged liability, Defendants' defenses, Plaintiff's alleged damages, and all other discoverable information bearing on the claims in this case.

   As discussed in the April 5, 2021, conference call with the Court, counsel for the parties will work to reach agreement on the process for completing limited expedited discovery, if such discovery is needed, to address matters raised in

       Plaintiff's anticipated motion for preliminary injunction. Counsel will meet and confer on that issue after such motion is filed and counsel can assess its subject matter. Defendants reserve objections to expedited discovery on the merits that is not necessary to resolve a motion for injunctive relief.

       Other than the potential expedited discovery with respect to Plaintiff's forthcoming motions set out above, the Parties do not anticipate a need to conduct discovery in phases or limit discovery to particular issues beyond the limitations set forth in the Federal Rules of Civil Procedure and the applicable law governing claims under the Eighth and Fourteenth Amendments.

**C.**     **Electronically Stored Information**

       The Parties agree to continue to work to reach an agreement on protocols for the search and production of ESI after discovery is propounded and agree to have an ESI agreement in place prior to production of any documents.

**D.**     **Privilege Claims**

       The Parties agree that any responsive documents withheld or redacted based on privilege or work-product protection will be listed on a privilege log. The privilege log will include the following information: name of the sending and receiving individuals and, unless known or previously identified to the opposing party, information sufficient to identify those individuals and the relationship between them; date; document type; document length withheld; subject matter description sufficiently specific for the opposing party to evaluate the privilege assertion; and the privilege asserted.

       The Parties agree to a categorical exclusion of communications between each named party and their counsel of record and counsel's agents, and between counsel and their consultants and experts, except as may be permitted under FRCP 26(b)(3) and except for records required to be disclosed pursuant to FRCP 26(b)(4), on the basis of attorney-client privilege and/or attorney work-product. Should a dispute arise, Parties agree that they will confer in good faith before any motions related to claims of privilege.

**E.**     **Witnesses to be Deposed**

       The Parties intend to depose all named Parties in this case. The Parties cannot practically identify all other deponents or schedule depositions until they have engaged in written discovery and reviewed responsive documents. The Parties agree and acknowledge that witnesses, both lay and expert, will continue to be identified as the process of discovery continues, subject to the proposed deadlines for designating expert witnesses set forth in Part F.1. below. The Parties anticipate working together to arrange mutually agreeable times and locations or remote deposition platforms and procedures for the completion of depositions prior to the close of discovery.

       The following list of witnesses to be deposed is based on information reasonably

available to the Parties at this time. The Parties are not restricted to deposing only those named on this list and may seek to amend this list during discovery subject to the limit of 10 non-party depositions set forth in Part G. below.

- The Parties:
  - Plaintiff Ashley Diamond
  - Defendant Timothy Ward
  - Defendant Sharon Lewis
  - Defendant Javel Jackson
  - Defendant Ahmed Holt
  - Defendant Robert Toole
  - Defendant Benjamin Ford
  - Defendant Jack Sauls
  - Defendant Brooks Benton
  - Defendant Grace Atchison
  - Defendant Lachesha Smith
  - Defendant Arneika Smith
  - Defendant Rodney Jackson
- Any witnesses identified as having relevant knowledge or information in the Parties' Initial Disclosures.
- Any expert witnesses designated by the Parties.

F. **Expert Witnesses**

1. **Designation of Experts**

The Plaintiff must disclose the identity of any expert witness on or before <u>July 6, 2021</u>, that being no more than 90 days after the submission of the Proposed Order to the Court.

Defendant must disclose the identity of any expert witness on or before <u>September 3, 2021</u>, that being no more than 150 days after the submission of the Proposed Order to the Court.

2. **Expert Reports**

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any supplemental expert reports must be served on or before <u>October 4, 2021</u>, that being no more than 180 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

3. **Expert Access to GDC Facilities**

Plaintiff's expert(s) shall have reasonable in person access to GDC facilities to examine and evaluate Plaintiff and her environment to the extent doing so is consistent with the then existing restrictions on visitation due to COVID-19 or other events beyond the Defendants' control. If Plaintiff's experts are unable to access GDC facilities in person

due to COVID-19 or other restrictions on visitation, the Parties will work together to accommodate an inspection.

The Parties agree to meet and confer on the issue after expert witnesses have been designated and to seek the Court's guidance if they are unable to reach an agreement.

### G. Discovery Limitations or Need for Protective Order

The Parties agree that a Protective Order is necessary. The Parties agree to meet and confer about the contents of any protective orders, and will file any proposed orders, or disagreements thereon, with the Court by <u>April 16, 2021</u>.

The Parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation, and the modifications agreed to below, on the number of requests to admit that can be propounded.

The Parties also agree to the following modifications to the discovery limitations imposed by the Federal and Local Rules:

- In addition to the limitations imposed by the Local Rules and subject to any modification by the Court, the Parties may propound up to five (5) Requests for Production; eight (8) Requests for Admission; and fifteen (15) Interrogatories in connection with anticipated preliminary motions.
- No more than ten (10) depositions per side, not including the depositions of named Parties and the Parties' experts, subject to any modification by the Court with respect to anticipated preliminary motions.

### H. Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Kim A. Tavalero, Courtroom Deputy (478-752-0717) to request a telephone conference with the Court.

## V. Time for Filing Motions:

### 1. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join Parties must be filed no later than <u>July 6, 2021</u>, that being no more than 90 days after the entry of this Scheduling and Discovery Order.

### 2. **Dispositive Motions**

All dispositive motions must be filed no later than March 4, 2022 that being no more than 60 days after the expiration of discovery in this case.

### 3. **Daubert Motions**

All *Daubert* motions must be filed no later than March 4, 2022, that being no more than 60 days after the expiration of discovery in this case.

## VI. Certification of the Parties and Counsel:

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

This 7th day of April, 2021.

| Counsel for Plaintiffs: | Counsel for Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Sauls, Benton, Atchison, L. Smith, and R. Jackson: |
|---|---|
| /s/ *Elizabeth Littrell* <br> Elizabeth Littrell, Ga. Bar No. 454949 <br> Southern Poverty Law Center <br> P.O. Box 1287 <br> Decatur, GA 30031 <br> Phone: (404) 221-5876 <br> Fax: (404) 221-5857 <br> Email: beth.littrell@splcenter.org | /s/ *Robert B. Shapiro*      932554 <br> Assistant Attorney General <br> State Law Department <br> 40 Capitol Square, S.W. <br> Atlanta, Georgia 30334-1300 <br> Tel: (404) 355-2765 <br> Fax: (404) 651-5304 <br> Email: rshapiro@law.ga.gov |
| Tyler Rose Clemons* <br> Southern Poverty Law Center <br> 201 St. Charles Avenue, Suite 2000 <br> New Orleans, LA 70170 <br> Phone: (504) 526-1530 <br> Fax: (504) 486-8947 <br> Email: tyler.clemons@splcenter.org | /s/ *Roger A. Chalmers*      118720 <br> Senior Assistant Attorney General <br> State Law Department <br> 40 Capitol Square, S.W. <br> Atlanta, Georgia 30334-1300 <br> Tel: (404) 458-3220 <br> Fax: (404) 651-5304 <br> Email: rchalmers@law.ga.gov |
| Maya G. Rajaratnam* <br> Southern Poverty Law Center <br> 400 Washington Avenue <br> Montgomery, AL 36104 <br> Phone: (334) 956-8307 <br> Fax: (334) 956-8481 <br> Email: maya.rajaratnam@splcenter.org | |

A. Chinyere Ezie*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Phone/Fax: (212) 614-6467
Email: cezie@ccrjustice.org

*Counsel for Plaintiff Ashley Diamond*

\* Admitted *Pro Hac Vice*

Counsel for Defendant Arneika S. Smith:

/s/ Annarita L. McGovern
ANNARITA L. MCGOVERN
Georgia Bar No. 098141
/s/ Terry L. Long
TERRY L. LONG
Georgia Bar No. 457460

SATCHER & MCGOVERN LLC
288 South Main Street
Suite 100
Alpharetta, Georgia 30009
Office: (770) 765-0225
Direct: (770) 847-7280
amcgovern@satchermcgovernlaw.com
tlong@satchermcgovernlaw.com


The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the Parties to this action, hereby **ADOPTS** the Parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this _____ day of _____, _____.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT