**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ASHLEY DIAMOND,
Plaintiff,

v.

TIMOTHY WARD, et al.,
Defendants.

Case No. 5:20-cv-00453-MTT

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO REDACT AND FILE CONFIDENTIAL INFORMATION UNDER SEAL**

Plaintiff Ashley Diamond, with the consent of Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison and Sauls ("Defendants"),[1] pursuant to Federal Rule of Civil Procedure 5.2(d), Local Rule 5.4(c) and Local Rule 7.1 of the Middle District of Georgia, hereby moves this Court for an Order granting her request that the Parties redact and file under seal dormitory locations and Identifying Information[2] for third parties currently incarcerated in the Georgia Department of Corrections (collectively "Confidential Information") in connection with Plaintiff's forthcoming Motion for Preliminary Injunction and Motion for Protective Order ("Motions").

In support of her Unopposed Motion, Plaintiff submits the following incorporated Memorandum of Law.

[1] Plaintiff's forthcoming Motions are not directed at Defendant Arneika Smith, however; Plaintiff's counsel has copied her on all correspondence with Defendants regarding this motion and she has not indicated any opposition.

[2] As used herein, "Identifying Information" means name, photograph, image or likeness, birthdate, or GDC number.

**STATEMENT OF FACTS**

Plaintiff's forthcoming Motions request preliminary relief on a subset of the Eighth Amendment and Fourteenth Amendment claims that Plaintiff advances in her Amended Complaint, ECF No. 36, as well as a protective order aimed at quashing retaliation that Plaintiff and a Confidential Witness contend they have experienced, and other actions that Plaintiff contends will impede this Court's ability to fairly adjudicate this case. In order to provide evidentiary support for her Motions, Plaintiff is submitting declarations and exhibits concerning a Confidential Witness,[3] medical and mental health records that are protected against public disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1301 et seq.; Identifying Information for third parties such as comparators who are similarly situated to Plaintiff for purposes of an Equal Protection analysis; information that bears on Plaintiff's privacy and safety because they contain her dormitory location; and Identifying Information for the Confidential Witness.

The Court has already ordered the Parties to abide by privacy protections with respect to medical records and Identifying Information for Plaintiff's Confidential Witness. *See* Text Order dated April 8, 2021, *Diamond v. Ward*, 5:20-cv-0453-MTT, ECF No. 48. Accordingly, by this unopposed motion, Plaintiff requests an Order adopting a redaction protocol for two additional

[3] As Plaintiff's counsel explained at the Parties' April 5 Status Conference, the Confidential Witness is an individual currently in the custody of the Georgia Department of Corrections ("GDC") who alleges that he fears for his safety, is experiencing ongoing retaliation, and fears further retaliation and intimidation by Defendants and their agents in connection with his involvement in this matter.

Because the Parties have reached an impasse concerning Plaintiff's request for an assurance from Defendants that the Confidential Witness will not be subject to retaliation by Defendants and their agents, in lieu of attorneys-eyes protection, Plaintiff intends to file a separate motion with respect to the disclosure of the Confidential Witness's identifying information to persons other than counsel.
.

categories of Confidential Material: Identifying Information for innocent third parties such as comparators identified for purposes of Plaintiff's Equal Protection analysis, and Plaintiff's dormitory location.

**ARGUMENT**

Under Federal Rule of Civil Procedure 5.2(d), a court may order filings to be made under seal. *See* Fed. R. Civ. P. 5.2(d). While judicial records and documents must generally be filed publicly pursuant to the general right to inspect and copy public records, the right is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Instead, the presumption in favor of public access can be overcome by a showing of good cause, which requires "balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). When balancing the right of access against the right to privacy, courts may consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to [preventing access]." *Id.*

Privacy interests can "overcome the interest of the public in accessing the information." *Id. See, e.g.*, *Holcombe v. Credit Protection Ass'n, LP*, No. 3:14-cv-14-CAR, 2014 WL 12585659, at *1 (M.D. Ga. November 7, 2014) (granting motion to permit filing under seal "because Plaintiff's privacy interest in the information contained in the report overcomes the presumption in favor of public access."). Here, there are strong privacy interest at stake, including the privacy interest in dormitory locations because disclosure of this information stands to jeopardize Plaintiff's safety in the prison environment. *See* Amend. Compl., ECF No. 36 (alleging abuse and attacks in

custody); *Agent Anonymous v. Gonzalez*, No. 16-cv-0374w-BLM, 2016 WL 8999469, at *3 (S.D. Cal. April 8, 2016) (granting motion to seal because of "a risk of harm to Plaintiff's safety [and] emotional wellbeing"). Dormitory locations can also be considered an analogue to a home address for incarcerated individuals like Plaintiff, and home addresses already enjoy privacy protection under the Local Rules. *See* L.R. 5.4 (requiring redactions).

Plaintiff also seeks to protect the privacy interests of third parties who have no involvement in the litigation such as comparators. "[T]he privacy interests of third parties [are] a venerable common law exception to the presumption of access." *United States v. Corces*, No. 92-28-CR-T-17B, 1997 WL 447979, at *4, 11 (M.D. Fla. July 28, 1997), *aff'd*, 152 F.3d 934 (11th Cir. 1998) (citations omitted); *accord Gardner v. Newsday, Inc. (In re Application of Newsday, Inc.)*, 895 F.2d 74, 78 (2d Cir.), *cert. denied*, 496 U.S. 931 (1990) ("The privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation."); *Luzzi v. ATP Tour, Inc*., No. 3:09-CV-1155-J-32MCR, 2011 WL 2693542, at *3 (M.D. Fla. July 12, 2011) (same). Accordingly, the third party privacy interests asserted here are entitled to substantial weight.

Finally, the material that Plaintiff seeks to redact and file under seal is also limited, and restrictions on the public's right of access will be minimal, because redacted versions of the Confidential Information will be filed on the public docket along with the underlying Motions, supporting Memorandums of Law and Memorandums in Opposition, and briefs in reply. *See Curry v. McNeil*, No. 3:08-cv-539, 2009 WL 395247, at *2 (N.D. Fla. Feb. 17, 2009) (approving of redactions that "seal[] or redact[] only those records or portions thereof that contain sensitive information.").

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Unopposed Motion to redact and file under seal the Confidential Information set forth herein. Plaintiff will submit the Confidential Information to the Court pursuant to Local Rule 5.4 upon an issuance of an Order granting this Motion, pursuant to this Court's CM/ECF Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means.

Dated: April 9, 2021

Respectfully submitted,

/s/ *Elizabeth Littrell*

Elizabeth Littrell, Ga. Bar No. 454949
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031
Phone: (404) 221-5876
Fax: (404) 221-5857
Email: beth.littrell@splcenter.org

Tyler Rose Clemons*
Southern Poverty Law Center
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Phone: (504) 526-1530
Fax: (504) 486-8947
Email: tyler.clemons@splcenter.org

Maya G. Rajaratnam*
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Phone: (334) 956-8307
Fax: (334) 956-8481
Email: maya.rajaratnam@splcenter.org

/s/ A. Chinyere Ezie
A. Chinyere Ezie*
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
Phone/Fax: (212) 614-6467
Email: cezie@ccrjustice.org

*Counsel for Plaintiff Ashley Diamond*

* Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2021, I electronically filed the foregoing with the Clerk of the Court and all counsel of record using the CM/ECF system.

/s/ Elizabeth Littrell
Elizabeth Littrell
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031
Phone: (404) 221-5876
Fax: (404) 221-5857
Email: beth.littrell@splcenter.org

*Counsel for Plaintiff*