UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ASHLEY DIAMOND,

    Plaintiff,

v.

TIMOTHY WARD, et al.,

    Defendants.

CASE NO. 5:20-CV-00453-MTT

### DECLARATION OF MAYA G. RAJARATNAM

1. I am a Staff Attorney at the Southern Poverty Law Center, and one of Plaintiff Ashley Diamond's attorneys in the above-mentioned case against Defendants Ward, Lewis, J. Jackson, Holt, Toole, Ford, Benton, Atchison, Sauls, A. Smith, R. Jackson, and L. Smith.

2. I have communicated with Ms. Diamond at various times since her re-entry into the Georgia Department of Corrections (GDC) and am the attorney who is responsible for arranging attorney visits and legal calls.

3. Since March 2020, the COVID-19 pandemic has restricted the ways in which our legal team can communicate with Ms. Diamond. In-person legal visits have been suspended to prevent the spread of COVID-19 within prisons, where incarcerated people and GDC staff members are at heightened risk of contracting COVID-19.

4. As a result, since March 2020, our legal team has been limited to legal calls and legal mail as the only available confidential means of communicating with Ms. Diamond in order to preserve attorney-client privilege.

5. In order to prepare for litigation, and to appropriately represent our client, we need to be able to speak with her at least weekly in order to discuss litigation strategy, factual information, updates and engage in other attorney-client necessary communications.

6. Prior to January 2021, I sent requests to Coastal State Prison to schedule weekly legal calls through Ms. Katina Grant, the legal call coordinator at Coastal. I provided Ms. Grant with a copy of my driver's license and bar credentials, a copy of Center for Constitutional Rights attorney A. Chinyere Ezie's driver's license and bar credentials, and signed GDC attorney visitor forms and sent these documents via email, as directed.

7. In the past few months, legal calls with Ms. Diamond have become more infrequent and difficult to schedule. Prior to a Status Conference with the Court where counsel raised the issue of inability to speak with our client on April 5, 2021, we had only managed to confidentially meet with her on six occasions in the 13 weeks of this year—January 7, January 25, February 3, February 18, February 25, and March 12, despite sometimes daily emails and/or calls to Ms. Grant requesting her to schedule at least weekly calls.

8. Nearly a month passed before I was able to communicate with Ms. Diamond on a confidential legal call after taking the issue up with the Court during the April 5 Status Conference.

9. I have enlisted the assistance of a SPLC litigation paralegal, Christopher Harper, to assist us in our efforts to speak with Ms. Diamond. I have been copied on every email.

10. After our February 25 legal call with Ms. Diamond, Mr. Harper attempted to schedule a legal call for the following week, to no response. Follow-up emails were sent on March 3, March 4, March 5. We finally received a response on March 8 and were able to schedule a call for March 12.

11. Fearing another two-week delay, on March 9, Mr. Harper asked for availability for a legal call with Ms. Diamond for the following week. Mr. Harper submitted a formal legal call request on March 10. Follow-up emails were sent on March 11, March 12, March 15, March 17, March 18, and March 19.

12. During this time, Mr. Harper also made repeated calls to Coastal State Prison to get an update on when a legal call could be scheduled. Those calls were equally unavailing.

13. After informing Defendants' counsel of our inability to schedule legal calls, we were instructed to copy them on future correspondence with Coastal State Prison. Follow-up emails were sent on March 25 and March 29, copying Defendants' counsel. We finally received a response from Ms. Grant asking us to submit another formal legal call request, which we sent on March 30. We never received confirmation. We sent follow-up emails on April 1 and April 2, again copying Defendants' counsel, asking that Ms. Grant let us know what date and time would be best if the times requested were not available. No response was received.

14. On April 5, during a Status Conference, Ms. Diamond's counsel raised the lack of regular access to Ms. Diamond, despite repeated follow-up emails and calls. Following the Status Conference, Defendants' counsel successfully facilitated scheduling a legal call with Ms. Diamond on April 7—27 days after our March 12 legal call.

15. As a result of these substantial delays, our legal team has been forced to get minimal updates about Ms. Diamond through friends and family.

16. The inability to meet with our client as a result of the failure of Coastal staff to schedule legal calls within a few days as needed, or even to have weekly calls scheduled, along with significant delays in legal mail – some of which still has not been delivered to Ms. Diamond— impedes her legal team's ability to adequately and professionally prosecute this case.

17. We are unable to keep our client properly informed on her case, to discuss litigation strategy, to receive and provide important and necessary updates, and to clarify factual and legal information in a timely manner, including with respect to court-mandated discovery deadlines such as the deadline for Initial Disclosures.

18. The Southern Poverty Law Center's Atlanta office is located nearly four-hours by car from Coastal State Prison, where Ms. Diamond is currently housed, making in-person legal visits alone, should they resume, inadequate as a regular means of contact.

Pursuant to 28 U.S.C. § 1746, I hereby declare and state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 9, 2021                                          Respectfully submitted,

                                                              /s/ Maya G. Rajaratnam
                                                              Maya G. Rajaratnam