UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ASHLEY DIAMOND,<br>    Plaintiff,<br>v.<br>TIMOTHY WARD, et al.,<br>    Defendants. | **CASE NO. 5:20-CV-00453-MTT** |

## DECLARATION OF ELIZABETH LITTRELL

1. I am a Senior Supervising Attorney at the Southern Poverty Law Center, and one of Plaintiff Ashley Diamond's attorneys in the above-mentioned case.

2. Prior to filing this case, my colleagues and I attempted to resolve the safety and healthcare issues our client faced by communicating directly with Georgia Department of Corrections (GDC) officials and their counsel.

3. Among the communication efforts were seven letters sent before the case was filed. In the first letter, sent by email as well as U.S. mail on May 1, 2020 (May 1, 2020 Letter), I included an express section informing recipients of their obligation to preserve evidence, including video evidence. A true and correct copy of that letter was filed on the docket and is marked ECF 57-6.

4. In each subsequent correspondence to GDC officials on behalf of Ms. Diamond, we included the May 1, 2020 Letter informing recipients of their obligation to preserve evidence, including video evidence, as attachments and enclosures.

5. Subsequent correspondence referenced in paragraph 4 above was sent on May 20, 2020, June 3, 2020, July 2, 2020, July 20, 2020, September 29, 2020 and October 23, 2020.

6. Letters sent on June 3, 2020, July 2, 2020, and July 20, 2020 included additional express language with respect to Defendants' obligation to preserve evidence, such as: "GDC must preserve all evidence related to Ms. Diamond's conditions of confinement in anticipation of litigation. See Fed. R. Civ. P. 37(e). This includes, but is not limited to, surveillance video, including any available corresponding audio." July 20, 2020 Letter.

7. On November 2, 2020, I was copied on an email sent to GDC counsel, Jennifer Ammons, copied to Beth Burton, Tina Piper and Elizabeth Crowder with the Attorney General's office that set out: "[t]o the extent discrepant accounts exist of what transpired, we expect that you will continue to preserve video footage from security cameras near Ms. Diamond's room."

8. On January 22, 2021, in a telephone conversation with opposing counsel pursuant to Rule 26(f), myself and co-counsel Chinyere Ezie reiterated Defendants' obligation to preserve all evidence, including suspending all automatic deletion programming.

9. On February 11, 2021, I sent yet another litigation hold letter to the Attorney General's office directed to the attorneys who had entered an appearance in the case, memorializing the January 22, 2021 telephone conversation and further emphasizing the obligation, dating back to May 1, 2020, to preserve all documents and electronically stored information, including video evidence.

10. Plaintiff's counsel served GDC Defendants with an Expedited Request for Production of Documents and Tangible Things on April 30, 2021 seeking:

All video and/or audio recordings from the surveillance camera positioned in a way that captured Rodney Jackson's dormitory meeting June 16-19, and from the surveillance camera outside Ashley Diamond's cell, and any handheld video cameras used to capture images or sound of Ashley Diamond, including the handheld video camera held by Capt. Judkins on April 26, 2021, on the following days:

    a. November 1-3, 2019 (GDCP)

    b. November 8-10 (GDCP)

    c. July 15-16, 2020

    d. September 12-13, 2020

    e. September 18-20, 2020

    f. October 9, 2020

    g. October 29, 2020

    h. October 30-31, 2020

    i. October 7, 2020

    j. October 31, 2020

    k. December 3, 2020

    l. December 23, 2020

    m. January 3, 2021

    n. Feb 18, 2021

    o. Feb 22, 2021

    p. March 17, 2021

    q. April 25-26, 2021

11. Plaintiff's counsel served GDC Defendants with a Request for Production of Documents and Tangible Things on May 28, 2021 seeking from Defendant Benton:

2. All audio and/or video recordings of Ashley Diamond from June 1, 2019 to present ("Recordings of Ms. Diamond") and documents relating to Recordings of Ms. Diamond. Please include, without limitation, all Recordings of Ms. Diamond whether taken on phones, surveillance video, or hand held recorders, including from Ms. Diamond's disciplinary hearings, as well as all documents that refer, reflect or relate to Recordings of Ms. Diamond to include, without limitation, directions to staff regarding Recordings of Ms. Diamond; memos concerning Recordings of Ms. Diamond; service requests and work reports for the video camera outside Ashley Diamond's cell in N-building, or

elsewhere in the dormitory; and correspondence and communications of any kind concerning Recordings of Ms. Diamond.

12. In response to the requests set out in paragraphs 10 and 11 above, Plaintiff received only the following video recordings:

    a. <u>October 30-31, 2020</u>, 9pm to 9am, camera directed at Ms. Diamond's cell (DEF 1489-1493, served May 10, 2020);

    b. <u>April 26, 2021</u>, 1 minute and 54 second video recording from Tia Fletcher's iphone recording Ms. Diamond that does not show any "assault" by "brushing" against Brandi Moore as alleged (DEF 1494, served May 10, 2020);

    c. <u>April 26, 2021</u>, 3 minutes and 20 second video recording from "Coastal SP Handheld Camera" recording Ms. Diamond walking down a hallway, that does not show any "assault" by "brushing" against Brandi Moore as alleged (DEF 1495, served May 10, 2020);

    d. <u>April 26, 2021</u>, one hour and 16 minute video recording from "N-BLDG Sallyport" that does not show the alleged "assault" by "brushing" against Brandi Moore (DEF 1494-1495, served May 12, 2020);

    e. <u>March 27-29, 2021</u>, N-dorm camera, 2am-8am showing a common area with tables and some lower and upper level cells (DEF 2012-2029) (camera 1);

    f. <u>March 26-28, 2021</u>, 5pm-10am, showing Ms. Diamond's cell door and activity in the building in some common areas (e.g., phones, stairs, computers) and some lower and upper level cells (DEF2030-2042) (camera 2).

13. I asked a SPLC colleague, Senior Attorney Jen Vail, to review the video recordings described in paragraph 12 above. Ms. Vail identified only a three-minute clip of note around 12:54am on March 28, 2021 to review. (DEF2041).

4

14. Based on Ms. Vail's notes, I reviewed the video, marked DEF2041, from 12:52am-1:52am. The video shows a number of incarcerated men walking around the common area, on and off the phone, sitting at a table, etc., one offender opens a cell and walks out, officers enter and open two cells without a key. With respect to Ms. Diamond's cell, the clip shows three officers go directly to Ms. Diamond's cell beginning at 12:54:19. An officer slightly opens Ms. Diamond's cell without a key and reaches inside, closes the door; at 12:59:10 an officer looks in Ms. Diamond's cell and moves on. (DEF2041)

15. It is unclear why Defendants provided the 119 hours of videos from March 26-29, 2021.

16. In response to this Court's instructions for Defendants to provide records of assaults, complaints, misconduct, etc., *by Ms. Diamond*, Defendants transmitted to the Court and copied Ms. Diamond's counsel with hours of video of Ms. Diamond that appear to be relevant only to complaints *by Defendants* about alleged violations.

17. No video was provided of the audio and video recorded interview with Investigator Furlow in which Ms. Diamond attempted to report details of September assaults and sexual abuse that is pervasive (i.e., groping, grabbing, verbal and sexual threats, etc.).

18. Plaintiff's counsel has repeatedly asked Defendants to process Ms. Diamond for a safety transfer, and for an opportunity to discuss a plan to address Ms. Diamond's exposure to pervasive sexual harassment, her safety needs and her legitimate fears about identifying gang-affiliated sexual aggressors. Defendants, through counsel, have repeatedly declined these requests.

19. Filed herewith are true and correct copies of the following documents received from Defendants:

| Plaintiff Exhibit | Description | Bates Number(s) | Confidential/ Filed Pursuant to Protective Order |
|---|---|---|---|
| 4 | Movement History | DEF11–DEF14 | |
| 64A | Mental Health Initial Sexual Allegation Evaluation 03-31-21 | DEF301–DEF302 | Yes |
| 64B | Mental Health Initial Sexual Allegation Evaluation 02-18-21 | DEF305–DEF307 | Yes |
| 64C | Mental Health Initial Sexual Allegation Evaluation 10-15-20 | DEF423–DEF424 | Yes |
| 64G | Mental Health Initial Sexual Allegation Evaluation 08-05-20 | DEF1082–DEF1086 | Yes |
| 64J | Mental Health Initial Sexual Allegation Evaluation 06-15-20 | DEF469–DEF471 | Yes |
| 69B | Suicide Risk Assessment Instrument 08-05-20 | DEF454–DEF455 | Yes |
| 69C | Suicide Risk Assessment Instrument 07-01-20 | DEF463–DEF466 | Yes |
| 72 | Mental Health Reception Screen Form | DEF487 | Yes |
| 73 | Mental Health Evaluation for Services | DEF488–DEF490 | Yes |
| 80 | Littrell Letter to Ward et al. 06-03-20 | DEF513–DEF516 | |
| 81 | Littrell Letter to Ward et al. 05-20-20 | DEF517–DEF521 | |
| 85A | Investigative Case Summary II-2020-0912 | DEF533–DEF535, DEF540–DEF542, DEF546–DEF548, DEF564–DEF565 | |
| 85B | Investigative Case Summary II-2020-1674 | DEF570–DEF573, DEF605–DEF612, DEF680, DEF685, DEF687, DEF689–DEF693 | |
| 90C | PREA Disposition Offender Notification Form 10-30-20 | DEF804 | |
| 90G | PREA Disposition Offender Notification Form 09-30-20 | DEF924 | |
| 90N | PREA Disposition Offender Notification Form 07-03-20 | DEF1060 | |
| 91B | Incident Report 03-12-20 | DEF1128–DEF1129, DEF1131, DEF1290–DEF1292 | |
| 91C | Incident Report 06-18-20 | DEF1102–DEF1104, DEF1108–DEF1111 | |

| Plaintiff Exhibit | Description | Bates Number(s) | Confidential/ Filed Pursuant to Protective Order |
|---|---|---|---|
| 91E | Incident Report 09-01-20 | DEF718–DEF720, DEF722–DEF724 | |
| 91H | Incident Report 09-20-20 | DEF914–DEF922, DEF962–DEF964 | |
| 91I | Incident Report 10-10-20 | DEF868–DEF875 | |
| 91K | Incident Report 10-30-20 | DEF810–DEF813 | |
| 92K | Diamond Witness Statement 09-11-20 | DEF734–DEF735 | |
| 92S | Conley Witness Statement 11-04-20 | DEF814–DEF815 | |
| 92U | Diamond Witness Statement 11-03-20 | DEF818–DEF819 | |
| 95 | Jordan Emails to Johnson et al. | DEF574–DEF575, DEF581–DEF604 | |
| 96 | Diamond Statement 05-24-20 | DEF576 | |
| 107E | Betterson Memo to Benton 09-30-20 | DEF906, DEF940 | |
| 108E | PREA Initial Notification 10-10-20 | DEF886–DEF887 | |
| 108F | PREA Initial Notification 09-18-20 | DEF902–DEF904 | |
| 108H | PREA Initial Notification 07-03-20 | DEF1062–DEF1064 | |
| 111 | SART Investigation Checklist 10-10-20 | DEF888 | |
| 129 | Standard Operating Procedure 220.09 | DEF1324–DEF1347 | |
| 131 | Standard Operating Procedure 208.06 | DEF1362–DEF1412 | |
| 133 | Security Threat Groups Validations | DEF1415–DEF1418 | |
| 147 | N-Dorm Camera 10-30-20 Part 1 | DEF1489 | |
| 148 | N-Dorm Camera 10-30-20 Part 2 | DEF1490 | |
| 171 | Littrell Letter to Ward et al. 07-02-20 | n/a | |
| 172 | Littrell Letter to Ward et al. 07-20-20 | n/a | |
| 174 | Littrell Letter to Ward et al. 10-23-20 | n/a | |
| 214 | Benton Declaration 05-03-21 | n/a | |
| 233H | Diamond Witness Statement undated | DEF912–DEF913 | |
| 233W | Stewart Witness Statement 03-12-20 | DEF1141–DEF1142 | |
| 234M | Diamond Witness Statement 03-12-20 | DEF1296–DEF1297 | |
| 251 | Benton et al. Interrogatory Answers 10-18-21 | N/A | Yes, in part (filed with redactions) |
| 252 | Progress Note 03-31-21 | DEF256–DEF257 | Yes |
| 253 | Progress Note 03-31-21 | DEF260 | Yes |
| 254 | Progress Note 02-24-21 | DEF269 | Yes |
| 255 | Progress Note 10-15-20 | DEF329 | Yes |
| 256 | Progress Note 09-09-20 | DEF351 | Yes |
| 257 | Progress Note 08-05-20 | DEF461 | Yes |

| Plaintiff Exhibit | Description | Bates Number(s) | Confidential/ Filed Pursuant to Protective Order |
|---|---|---|---|
| 258 | Whiters Email to Smith et al. 03-17-20 | DEF004667–DEF004668 | Yes |
| 259 | Cantera Email to Benton 07-10-20 | DEF005317–DEF005320 | |
| 260 | PREA Email to Atchison et al. 09-08-20 | DEF005923 | |
| 261 | Nettles Email to Betterson et al. 11-13-20 | DEF006888–DEF006889 | Yes, in part (filed with redactions) |
| 262 | Rhone Email to Weinstein 01-12-21 | DEF007002–DEF007003 | |
| 263 | JPay Services Email to PREA 06-05-20 | DEF007031 | |
| 264 | Betterson Email to GDC Coastal SP PREA Group 04-01-21 | DEF007114–DEF007116 | |
| 265 | Jones Memo to Security Staff 04-30-21 | DEF007275 | |
| 266 | Ammons Email to Rajaratnam et al. 07-10-20 | PL001316 | |
| 267 | Standard Operating Procedure IK01-0006 | DEF028259–DEF028269 | |
| 268 | Plugge Email to Jackson et al. 09-03-20 | DEF008136–DEF008137 | |
| 269 | SART Investigation Checklist 02-18-21 | DEF2000 | |
| 270 | Diamond Witness Statement 10-08-21 | DEF029526–DEF029527 | |
| 271 | Wilson Witness Statement 10-01-21 | DEF029528–DEF029530 | |
| 272 | MH MR Sexual Allegation Follow-up Report 10-01-21 | DEF029532 | Yes |
| 273 | Consent to Mental Health Evaluation 10-01-21 | DEF029534 | Yes |
| 274 | Mental Status Evaluation 10-01-21 | DEF029536 | Yes |
| 275 | Mental Health Initial Sexual Allegation Evaluation 10-01-21 | DEF029540, DEF029542, DEF029538 | Yes |
| 276 | Progress Note 10-01-21 | DEF029544 | Yes |
| 277 | Progress Note 10-04-21 | DEF029546 | Yes |
| 278 | Kaigler Memo to Benton 10-08-21 | DEF029520 | |
| 279 | Supplemental Report 09-30-21 | DEF029518–DEF029519 | |

20. Plaintiff's Exhibit 251 and exhibits Bates-stamped with the prefix "DEF" were served on Plaintiff by counsel for Defendants during discovery.

21. All other Exhibits cited in Plaintiff's Post-Hearing Brief are Exhibits that were previously admitted and docketed by the Court as ECF 110 and its subparts.

Respectfully submitted,

/s/ Elizabeth Littrell

Elizabeth Littrell, Ga. Bar No. 454949
Southern Poverty Law Center
P.O. Box 1287
Decatur, GA 30031
Phone: (404) 221-5876
Fax: (404) 221-5857
Email: beth.littrell@splcenter.org

Dated: November 22, 2021